OPINION
{¶ 1} Defendant-appellant, William St. John, appeals his conviction and sentence in the Butler County Court of Common Pleas on one count of aggravated burglary. For the reasons outlined below, we reverse the trial court's decision as to sentencing only.
 {¶ 2} On September 26, 2004, appellant and his friends went to the home of Ronald Schultheiss in Hamilton, Ohio at 1:30 a.m. When Schultheiss answered the door, appellant told him that two guys had jumped over the fence and into his back yard. Appellant and his friends offered to help, but Schultheiss declined. Schultheiss left the front door unlocked, walked through his house, and exited the house through the back door with his dog. Schultheiss went into his back yard, and found that nobody was there. When Schultheiss returned to his living room, appellant and three other men were in the room. Appellant and another man were holding wooden sticks, and another was holding a 40-ounce glass beer bottle. The man with the bottle hit Schultheiss over the head with it, and appellant and another man began hitting appellant with the sticks. Schultheiss fought back, and the attackers eventually retreated. Schultheiss sustained significant injuries to his head, neck, shoulder, arm, one of his fingers, and one of his toes.
 {¶ 3} Hamilton Police Detective Mark Poppe interviewed appellant during the course of his investigation, and appellant provided a written statement. Appellant was arrested and charged with aggravated burglary in violation of R.C. 2911.11(A)(1). After a jury trial, appellant was convicted of that offense, and the trial court sentenced appellant to serve a 10-year term of imprisonment. Appellant appeals his conviction and sentence, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE JURY FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} To determine whether a conviction is against the manifest weight of the evidence, an appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. When reviewing the evidence, an appellate court must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 7} Appellant argues that the evidence does not credibly support his conviction, and that Schultheiss, the state's main witness, lacked credibility. In support of this argument, appellant points to inconsistencies in Schultheiss' testimony, and evidence of Schultheiss' criminal history.
 {¶ 8} While there are some minor inconsistencies in Schultheiss' testimony, we have held that "an appellate court must bear in mind the trier of fact's superior, firsthand perspective in judging the demeanor and credibility of the witnesses. * * * An appellate court is ill suited to assess witness credibility, as the demeanor and attitude of witnesses do not translate well into the written record." (Citations omitted.)In re D.S., 160 Ohio App.3d 552, 2005-Ohio-1803, ¶ 14.
 {¶ 9} However, the majority of the vicitm's testimony is consistent and quite detailed. Moreover, other evidence in the record supports the jury's finding, including appellant's own written statement that he provided Det. Poppe, which implicates him in the crime. Appellant's statement consisted of the following:
 {¶ 10} "One night * * * last year I was on a back porch on Greenwood having a little bit of a get together with some friends and we went walking around[.] * * * We then was [sic] walking and they started to talk about breaking into a house to get some money. We went to the house on Miami Street. The guys walked up and I knocked on the door and a guy answered the door and got punched in the face. I didn't hit him. I went in to get money and I saw a lady and turned around and went the other way. I left. She had a phone in one hand and a knife in the other hand. Then I turned around, tapped a guy on the shoulder, and ran out the door. I was in the house for about 1 or 2 minutes. * * *"
 {¶ 11} After reviewing the record, including the evidence described above, we find that the jury did not clearly lose its way in finding appellant guilty of aggravated burglary. This is not an exceptional case where the evidence weighs heavily against the conviction.
 {¶ 12} Appellant raises other arguments under his first assignment of error, but they are related to the sufficiency of the evidence required to convict appellant. We remind appellant that sufficiency of the evidence and manifest weight of the evidence are legally distinct issues. See Thompkins,78 Ohio St.3d at 386. In essence, "sufficiency is a test of adequacy." Id. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id., citing State v. Robinson
(1955), 162 Ohio St. 486. On the other hand, weight of the evidence concerns "the inclination of the greater amount ofcredible evidence, offered in a trial, to support one side of the issue rather than the other." (Emphasis sic.) Thompkins at 387. While appellant has failed to properly argue his sufficiency claim, we nevertheless find that the evidence in this case is sufficient to sustain appellant's conviction. Appellant's first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM THAT EXCEEDED THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE."
 {¶ 15} Appellant argues the trial court erred by making findings that violate the Ohio Supreme Court's decision in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, when it imposed a maximum sentence. We agree.
 {¶ 16} In Foster, the Court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Id. at ¶ 1, 3, and 5 of the syllabus. Among the statues found unconstitutional were R.C. 2929.14(B), governing the imposition of a nonminimum sentence, and R.C. 2929.14(C), governing the imposition of a maximum sentence. Id. at paragraphs one and three of the syllabus. The Foster court severed these and other sections from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104.
 {¶ 17} According to the record, the trial court found that pursuant to R.C. 2929.14(B), "[t]he shortest prison term will demean the seriousness of [appellant's] conduct," and that "[t]he shortest prison term will not adequately protect the public from future crimes by [appellant]." Further, the court found that pursuant to R.C. 2929.14(C), "[appellant] has committed the worst form of the offense" and that "[appellant] poses the greatest likelihood of recidivism."
 {¶ 18} Because the trial court utilized R.C. 2929.14(B) and (C) to impose a maximum prison term, we must remand this case for resentencing consistent with Foster. Appellant's second assignment of error is sustained.
 {¶ 19} Judgment reversed as to sentencing only.
Walsh, P.J., and Young, J., concur.